8710. AKERS BROTHERS *et al.* v. INTERNATIONAL SHOE COMPANY.

1. Section 14 of the act establishing the city court of Ashburn (Acts 1906, p. 150), which provides that either party in a civil cause pending in that court shall be entitled to a jury trial, upon entering a demand therefor, "*in all cases in which said party may be entitled to a jury trial under the constitution and laws of this State,*" does not entitle a defendant in a cause to a trial by jury where under the pleadings no issuable defense is raised.

2. "Where the only plea filed to a suit upon an unconditional contract in writing is partial payment, and the plaintiff thereupon amends his petition by admitting the facts set forth in such plea, and praying judgment for the balance due upon such contract, the effect of the amendment is to leave the case without any issuable defense," and it is "not error for the court to enter up judgment in accordance with the amended prayer of the petition." *Purity Ice Works* v. *Rountree*, 104 *Ga.* 676 (30 S. E. 885). This principle applies also to a suit upon an open account.

3. Under the foregoing rulings and the particular facts of this case, the court did not err in disposing of it at a regular monthly term, and in rendering judgment in favor of the plaintiff.

DECIDED JULY 26, 1917. REHEARING DENIED SEPTEMBER 25, 1917.

Complaint; from city court of Ashburn—Judge Tipton. February 20, 1917.

*A. S. Bussey,* for plaintiffs in error. *J. A. Comer,* contra.

BROYLES, P. J. This was an action upon an open account, and was returnable to the January term, 1917, of the city court of Ashburn, which was a quarterly term. At that term the defendants filed their answer, which in effect amounted to a plea of partial payment; and demanded a jury trial—which, under the act creating the court (Acts 1906, p. 150), could be had at a quarterly term only. On February 20, 1917, during the regular monthly term, no jury being in attendance upon the court, the plaintiff had the case called by the court and placed on trial. At the same time the plaintiff amended its petition by admitting the facts set forth in the defendants' plea, and praying judgment for the balance due upon the account. The defendants were present in court and objected to the case being put upon trial, contending that they had a right to a jury trial. The court overruled their objections, and passed the following order: "Plaintiffs having filed an amendment allowing defendants credits for items set up in said answer as items $2.09, $3.58, and $3.35, and said items being the only items set up in said answer, it is ordered by the court that the plaintiff International Shoe Co. (Friedman-Shelby Branch) do have and recover of the defendants the sum of $196.80 principal and $17.05 interest to date, and future interest at 7% per annum, and $———costs of court. This Feb. 20, 1917." To this ruling and judgment the defendants excepted.

The case was returnable to a quarterly term, and, a demand for a jury trial having been made by the defendants, if there had been any issue of fact for a jury to pass upon, the case could have been legally disposed of at such a term only, and not at a monthly term. The pleadings, however, having eliminated any such issue, the defendants were not entitled to a trial by jury. Section 11 of the act creating the city court of Ashburn (Acts 1906, p. 150), as amended by section 1 of the act approved August 3, 1916 (Acts 1916, p. 197), provides that "at the monthly terms of said city court such matters may be disposed of as do not require a jury." In our opinion the court did not err in disposing of the case at the monthly term (the defendants and their counsel being present), and in rendering judgment in favor of the plaintiff. This ruling is not contrary to the decision in *Moore* v. *Citizens Bank of Ashburn*, 19 *Ga. App.* 593 (91 S. E. 932), as the facts there were quite different.

*Judgment affirmed. Jenkins and Bloodworth, JJ., concur.*